# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME MILLER, JR.<br>5631 North Fairhill Street, 2nd Floor<br>Philadelphia, PA  19120<br><br>                          Plaintiff,<br><br>     vs.<br><br>SAWA TRANSPORTATION, INC.<br>d/b/a SAWA<br>4354 Lilburn Industrial Way, S.W.<br>Lilburn, GA  30047<br>and<br>HEAVEN'S EXPRESS, INC.<br>5347 Charity Way<br>Stone Mountain, GA  30083-3660<br>and<br>HAILEMICHAEL K. MIRACH<br>a/k/a Hailemichael Kesete Mirach<br>3826 Parklane Drive<br>Clarkston, GA  30021<br><br>                          Defendants. | Civil Action No. _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Jerome Miller, Jr. by and through his attorneys, Solomon, Sherman & Gabay alleges against Defendants, and requests trial by jury, as follows:

### I. BASIS FOR JURISDICTION

1. The Federal Court for the Eastern District of Pennsylvania has jurisdiction under 28 U.S.C. § 1332 – as this is a case in which a citizen of one state (Pennsylvania) is suing

citizens of another state – (in this case, Georgia) and the amount at stake is more than $75,000 based on the Plaintiff's injuries and medical bills which exceed $140,000.

## II. STATEMENT OF CLAIM

1. On or about August 12, 2019, the Plaintiff, Jerome Miller was operating a tractor trailer on Best Friend Road at its intersection with Nancy Hanks Drive in Gwinnett County, Georgia, when suddenly and without warning, a tractor trailer, being operated by Defendant, Hailemichael Mirach and owned by Defendants SAWA Transportation, Inc. and Heaven's Express forcibly rear ended Plaintiff, Jerome Miller, said collision causing Plaintiff to suffer severe personal injuries to be described more fully hereinafter.

## III. PARTIES

2. At all times relevant hereto, Plaintiff, Jerome Miller (hereinafter "Miller) is an adult individual residing at 5631 North Fairhill Street, 2nd Floor, Philadelphia, PA 19120.

3. At all times relevant hereto, Defendant, SAWA Transportation, Inc. (hereinafter "SAWA") is a corporation and/or similar entity organized and existing under the laws of the State of George, with its principle place of business located at 4354 Lilburn Industrial Way, S.W., Lilburn, GA 30047.

4. At all times relevant hereto, Defendant, Heaven's Express, Inc. (hereinafter "Heaven's Express") is a corporation and/or similar entity organized and existing under the laws of the State of George with its principle place of business located at 5347 Charity Way, Stone Mountain, GA 30083.

5. At all times relevant hereto, Defendant, Hailemichael K. Mirach a/k/a Hailmichael Kesete Mirach (hereinafter "Mirach") is an individual residing in Georgia and is a

citizen of the State of Georgia living and residing at 3826 Park Lane Drive, Clarkston, GA 30021.

6.     At all times relevant hereto, Defendant, SAWA is a Georgia transport company operating under the laws of the State of Georgia and the U.S. Department of Transportation, and operates tractor trailers for the purpose of hauling freight and also acts as a contractor which hires independent trucking companies to haul freight and in this case hired Defendant, Heaven's Express to haul freight or engage in other such activities.

7.     At all times relevant hereto and on August 12, 2019, Defendant, Heaven's Express, Inc. was hired by Defendant, SAWA, as an independent trucking company and was acting in such a capacity.

8.     At all times relevant hereto, and specifically on August 12, 2019, Defendant, Heaven's Express was an agent, servant and/or employee of Defendant, SAWA.

9.     At all times relevant hereto, and specifically on August 12, 2019, Defendant, Mirach was an agent, servant, workman and/or employee of Defendant, Heaven's Express, Inc.

## IV. STATEMENT OF FACTS

10.    Plaintiff repeats and re-alleges paragraphs 1 through 9, as if they were fully set forth herein.

11.    On August 12, 2019, Plaintiff was operating a tractor trailer on Best Friend Road at its intersection with Nancy Hanks Drive in Gwinnett County, Georgia.

12.    On August 12, 2019, Defendant, Mirach was operating a tractor trailer and was following behind Plaintiff, when without warning, he "rear ended" the tractor trailer being driven by Plaintiff, Miller.

13. As a result of this collision, Plaintiff, Miller suffered the following injuries, including but not limited to injuries to his neck, back, knees, development of sepsis and infections in his right knee resulting in multiple outstanding medical bills in excess of $250,000.

14. As a result of the aforesaid accident, Plaintiff may have been caused to incur past and future wage loss to his great detriment and harm.

15. The aforesaid accident was caused solely by the negligence and carelessness of the Defendants, said carelessness and negligence consisting of the following:

(a) Failing to keep a proper lookout;

(b) Traveling at a high rate of speed;

(c) Operating said motor vehicle too fast for conditions;

(d) Failing to have said motor vehicle under proper and adequate control;

(e) Rear ending the Plaintiff;

(f) Operating said motor vehicle without due regard for the rights, safety and position of Plaintiff at the time and point aforementioned;

(g) Failing to give proper warning of the approach of his vehicle;

(h) Failing to maintain the assured clear distance between his vehicle and Plaintiff's vehicle; and

(i) Violating Georgia Motor Vehicle Code.

## V. CLAIMS FOR RELIEF

### COUNT I
### Plaintiff vs. Defendants, Hailmichael K. Mirach and Heaven Express, Inc.

16. Plaintiff repeats and realleges paragraphs 1 through 15, as if they were fully set forth herein.

17. All of the above acts and omissions were done by the Defendants through their agents, servants, workmen and employees.

18. At all times material hereto, Defendant, Heaven's Express is responsible for the torts of the agent, servant workman and/or employee, in this case, Defendant, Mirach.

19. Defendant, Mirach is negligent per se and as a matter of law as he was cited for and convicted of "following too closely"

WHEREFORE, Plaintiff demands judgment against Defendants, Mirach and Heaven's Express in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars.

### COUNT II

### Plaintiff vs. Defendant SAWA Transportation, Inc.

20. Plaintiff repeats and realleges paragraphs 1 through 19, as if they were fully set forth herein.

21. At all times material hereto, Defendant, Heaven's Express was an agent, servant and/or employee of Defendant, SAWA such that SAWA is vicariously liable for the torts of Defendant, Heaven's Express and its agent, Defendant, Mirach.

WHEREFORE, Plaintiff demands judgment against Defendant, Sawa Transportation, Inc. in an amount in excess of One Hundred-Fifty Thousand ($150,000.00) Dollars.

Respectfully submitted,

*David B. Sherman / Gary Spivack* (signatures)

David B. Sherman, Esquire
I.D. No: 36437
Gary I. Spivack, Esquire
I.D. No: 30890
Solomon, Sherman & Gabay
1628 JFK Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA  19103
(215) 665-1100

Counsel for Plaintiff, Jerome Miller

Dated:   May 20, 2021