IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MILLER, JR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 21-2308 |
| v. | : | |
| | : | |
| SAWA TRANSPORTATION INC., et al., | : | |
| Defendants. | : | |

September 27, 2021                                                              Anita B. Brody, J.

## MEMORANDUM

Plaintiff Jerome Miller, Jr. brings negligence claims against Defendants SAWA Transportation Inc. ("Sawa"), Heaven's Express, Inc. ("Heaven's Express"), and Hailemichael K. Mirach. I exercise diversity jurisdiction over Miller's claims pursuant to 28 U.S.C. § 1332.[1] Defendants move to transfer this action to the United States District Court for the Northern District of Georgia based on improper venue.[2] I will grant Defendants' motion to transfer for improper venue.

---

[1] Miller is a citizen of Pennsylvania. Mirach is a citizen of Georgia. Sawa and Heaven's Express are also citizens of Georgia because they are incorporated, and have their principal place of business, in Georgia. *See* 28 U.S.C. § 1332(c)(1) ("[A]corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."). Diversity jurisdiction exists because the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

[2] In the alternative, Defendants move to transfer this action to the Northern District of Georgia based on the convenience of parties and witnesses. Because I will transfer this action on the basis of improper venue, I do not address this additional argument for transfer.

1

## I. BACKGROUND[3]

On August 12, 2019, Plaintiff Jerome Miller was driving a tractor trailer in Gwinnett County, Georgia when he was rear ended by a tractor trailer operated by Defendant Hailemichael Mirach.  As a result of the collision, Miller suffered injuries to his back, neck, and knees.

Mirach resides in Clarkston, Georgia and Miller resides in Philadelphia, Pennsylvania. Defendants SAWA Transportation Inc. ("SAWA") and Heaven's Express, Inc. ("Heaven's Express") owned the tractor that Mirach was driving on the day of the accident.  SAWA and Heaven's Express are corporations organized under the laws of Georgia and both maintain their principal place of business in Georgia.

## II. DISCUSSION

Defendants move to transfer this action on the basis that venue is improper in the Eastern District of Pennsylvania.  If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The movant bears the burden of showing that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).  The question of whether venue is proper is "generally governed by 28 U.S.C. § 1391."[4]  *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* at 56.

---

[3] All facts are taken from the Complaint.

[4] Section 1391 governs venue where a more specific venue provision does not apply. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 n.2 (2013).

Section 1391(b) provides that a civil action may be brought in the following:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Miller relies exclusively on § 1391(b)(2) and argues that venue is proper in the Eastern District of Pennsylvania because "a substantial part of the events or omissions giving rise to the claim occurred" in this district.  28 U.S.C. § 1391(b)(2).  "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994). "The test . . . is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Id.* at 294. "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.*

Although the accident occurred in Georgia, Miller contends that he received significant medical treatment in Pennsylvania.  Miller further contends that liability is not in dispute and that the only issue in this case will be the amount of damages for the medical treatment he received in Pennsylvania.  Thus, Miller argues that a substantial part of the claim occurred in the Eastern District of Pennsylvania because this is where he received treatment for the injuries caused by the accident that occurred in Georgia.

"Cases in this and other jurisdictions have held that where tortious conduct occurs in one jurisdiction, a mere effect of that conduct being felt in a second is not enough to support venue in that second jurisdiction." *Herbert v. Christiana Care Corp.*, No.04-1984, 2004 WL 2554562, at *2 (E.D. Pa. Nov. 8, 2004).  Specifically, courts have held that venue is improper under § 1391(b)(2) when a plaintiff sues a defendant for negligently causing an accident and elects to sue in the district where medical treatment occurred rather than in the district where the accident occurred.  *See Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997) (holding venue improper in Wisconsin where plaintiff received medical treatment when plaintiff brought tort suit against defendant for an accident that occurred in South Dakota); *Yearwood v. Turner Const. Co.*, No. 09-5945, 2011 WL 570003, at *6 (E.D. Pa. Feb. 15, 2011) (holding venue improper in Pennsylvania where plaintiff received medical treatment when plaintiff brought tort suit against defendant for an accident that occurred in New York); *Acey v. Schmidt*, No. 06-77, 2006 WL 1670211, at *4 (W.D. Pa. June 15, 2006) (holding venue improper in Pennsylvania where plaintiff received medical treatment when plaintiff brought tort suit against defendant for an accident that occurred in Maryland, regardless of the fact that liability was not in dispute).  In this circumstance, courts have expressly rejected the contention that "a substantial part of the events or omissions giving rise to the claim occurred" in the district where the plaintiff sought medical treatment.  28 U.S.C. § 1391(b)(2).

Miller brings suit against Defendants for negligently causing the tractor trailer accident that occurred in Gwinnett County, Georgia.  The events giving rise to Miller's claims involve the alleged negligence of Defendants in Georgia, not the nature of Miller's Medical treatment in Pennsylvania.  Because Gwinnett County, Georgia is the only place where a substantial part of

4

the events or omissions giving rise to the Miller's claims occurred, Miller's receipt of treatment for his injuries in this district does not support venue in the Eastern District of Pennsylvania.

### III. CONCLUSION

Because venue is improper, I will grant Defendant's motion to transfer to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1406(a).[5]

        s/ANITA B. BRODY, J.
        ANITA B. BRODY, J.

Copies **VIA ECF**

---

[5] Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim" occurred in Gwinnett County, Georgia—the place of the accident—and Gwinnett County, Georgia is located in the Northern District of Georgia. See Northern District of Georgia – Area of Service, U.S. Marshals Service, https://www.usmarshals.gov/district/ga-n/general/area.htm (last visited Sept. 23, 2021).